Strafford,  }
Dec. 7, 1926. }

## BESSIE M. BENNETT v. ROMEO I. LAROSE.

A motion to set aside a verdict "because it is against the law" raises no question of law not previously saved by exception.

Testimony that while traveling by night at a certain speed in an automobile the witness saw a pedestrian in a certain place in the highway when a certain distance from him is not nullified by the mathematical calculation therefrom that the possible period of observation was limited to one-seventh of a second; if it be true the human vision is thus limited, the witness' direct testimony that the pedestrian was seen by him is entitled to credit equally with his estimate of speed and distance.

Objections on the ground of the absence of evidence or of insufficient evidence upon a material issue cannot be raised by a motion to set aside a verdict; such questions are properly raised by exceptions to the granting or denial of motions for a nonsuit or for a directed verdict or by exceptions to the evidence or to the charge; and if objections are not so made and exceptions taken before the issue is submitted, the objections are waived.

A motion to set aside a verdict as against the weight of the evidence presents the question whether there was such a preponderance of evidence in favor of the moving party as to justify a finding of passion, prejudice, partiality, corruption or plain mistake.

An exception to the denial or granting of such a motion presents the question of law whether the evidence in favor of the defeated party is of such overwhelming weight that everyone must find in his favor and that nothing but mistake, partiality or corruption could account for the verdict and its supporting finding.

CASE, for negligence. Trial by jury and verdict for the defendant. After verdict, and before judgment, the plaintiff moved to set aside the verdict and for a new trial (1) because it was against the law and the charge (2) because it was against all the evidence and (3) because it was against the weight of the evidence. Transferred by *Young*, J., on the plaintiff's exception to the denial of her motion. The facts appear in the opinion.

*Sewall & Waldron* (*Mr. Sewall* orally), for the plaintiff.

*George R. Scammon* (by brief and orally), for the defendant.

SNOW, J. A motion to set aside a verdict "because it was against law" raises no question of law which has not previously been saved by exception. *Smith* v. *Company*, 78 N. H. 152, 159; *Head & Dowst Co.* v. *Breeders' Club*, 75 N. H. 449, 450; *Nadeau* v. *Sawyer*,

73 N. H. 70, 72; *Pitman* v. *Mauran,* 69 N. H. 230. The charge is not reported, and no exceptions were taken prior to the verdict.

The exception to the denial of her motion to set aside the verdict on the ground that it is against all the evidence is predicated upon the premises (1) that there was conclusive evidence of the defendant's negligence and (2) that there was no evidence of the plaintiff's negligence. The plaintiff, in argument, proceeds on the erroneous assumption that her exception raises the same question of law as would have been presented by an exception to the denial of a motion for a directed verdict made at the close of the evidence. It is a sufficient answer to the plaintiff's contention that upon this assumption she could not prevail. As both premises would be essential to support an exception to the denial of a motion for a directed verdict, she would fail since the record clearly discloses evidence from which the plaintiff's negligence might be found.

The defendant's automobile collided with the plaintiff, a pedestrian, while both were traveling westerly upon the highway leading from Kittery, Maine, to the Portsmouth memorial bridge. The place of the collision is on the main route of automobile travel between Portland and Portsmouth. The accident occurred at 7:30 on the evening of September 30, 1923, at a very dark spot. The portion of the highway usually traversed by vehicles was surfaced with macadam or tarvia to a width of seventeen or eighteen feet. To the right of the macadam, as the parties were traveling, was an abandoned street railway track which had been partially filled in with dirt, and, although a little rough, was commonly used as a pathway by pedestrians. There was also a narrow dirt path upon the opposite side of the highway which was likewise used by foot travelers. The defendant's evidence tended to show that he was proceeding upon the macadam roadway at a speed of between fifteen and seventeen miles per hour; that his vision of the roadbed for a distance of about 250 feet was cut off by the combined effect of the lights of an opposing car, and of the lights of a car approaching from the rear reflected by his windshield, both of which were blinding; that he first saw the plaintiff when within two or three feet of her, and too late to avoid a collision; that the plaintiff, with her back turned to the traffic, was traveling upon the macadam at a distance of three or four feet from the nearest rail of the track and in the line of the defendant's right mud guard. The plaintiff's evidence tended to show that she was traveling on the abandoned railway track. It was otherwise in direct conflict.

with the defendant's evidence. The plaintiff knew of the use by pedestrians of the abandoned railway.

If there was competent evidence that the accident happened in the manner the defendant contends, it must be conceded that such evidence would support a finding of the jury that the plaintiff was negligent. The plaintiff's position, however, is that there was no competent evidence that she was traveling on the macadam road-way. The only evidence that she was so traveling was the testimony of the defendant and his fellow passenger. The plaintiff's contention is that it conclusively appears from the further testimony of these witnesses that they had an insufficient opportunity to observe and determine her situation. It is argued that, as they were admittedly traveling seventeen miles per hour, or twenty-one feet per second, and first saw the plaintiff when within two or three feet of her, mathematical calculation shows that the period of their observation was limited to one-seventh of a second; that it is a matter of common knowledge that even trained observers do not attempt to clock time within a fifth of a second. It is a sufficient answer to this contention, that, if such a limitation upon the exercise of the human vision were a fact, and if such fact were a matter of such established common knowledge that this court could take cognizance of it, it would not help the plaintiff. The testimony of the witnesses that they saw the plaintiff traveling on the macadam roadway is entitled to as much credit at least as are their estimates of speed and distance. The jury may well have found that they erred in one or both of such estimates, in which case the plaintiff's mathematical deduction fails; and with it, falls her essential premise.

But the plaintiff's exception to the denial of her motion to set aside the verdict as against "all evidence" (as distinguished from the "weight of evidence") must be overruled because of the well-settled rule of procedure in this jurisdiction that an objection to the want of evidence upon a vital issue cannot be first raised by a motion to set aside a verdict.

The question whether there is any evidence to sustain a verdict is a question of law, *Coles* v. *Railroad*, 74 N. H. 425, 426; as is also the question whether, upon the evidence, a given conclusion can be reached. *Manchester Dairy System* v. *Hayward, ante,* 193, 205. But these questions of law are appropriately raised by exceptions to the granting or denial of motions for a nonsuit or for a directed verdict, or by exceptions to the evidence or to the charge. *Pitman* v. *Mauran,* 69 N. H. 230. If objection is not made and exception

taken before the issue is submitted, the presumption that there is evidence sufficient to support a verdict prevails, and the objection is waived.

Such has been the holding in cases where it was claimed that there was no evidence in support of a vital issue. *Haydock* v. *Salvage,* 67 N. H. 598, 599; *Bickford* v. *Bickford,* 74 N. H. 448, 450; *Tilton* v. *Tilton,* 74 N. H. 602, 603; *Barker* v. *Company,* 78 N. H. 571, 572; *Patten* v. *Patten,* 80 N. H. 590; *Spaulding* v. *Mayo,* 81 N. H. 85. Likewise in cases where the motion was predicated upon the insufficiency of the evidence to sustain the verdict. *Elwell* v. *Roper,* 72 N. H. 585, 587; *Gendron* v. *St. Pierre,* 73 N. H. 419, 424; *Farnham* v. *Anderson,* 74 N. H. 405; *Coles* v. *Railroad, supra; Head & Dowst Co.* v. *Breeders' Club,* 75 N. H. 449, 450; *Moynihan* v. *Brennan,* 77 N. H. 273, 274; *Cook* v. *Sargent,* 78 N. H. 25, 26; *Morrison* v. *Noone,* 78 N. H. 338, 340; *Carpenter* v. *Carpenter,* 78 N. H. 440, 444; *Derosier* v. *Company, ante,* 405.

The rule is based upon the sound reason that justice requires that the question should be raised while, theoretically at least, the deficiency may yet be supplied. *Elwell* v. *Roper, supra; Head & Dowst Co.* v. *Breeders' Club, supra; Smith* v. *Company,* 78 N. H. 152, 159; *Derosier* v. *Company, supra.* It would be inequitable to permit a party to lie by until after the adverse party had lost all opportunity to supply the deficiency, and then for the first time to raise the question that his opponent had submitted no evidence, or no sufficient evidence. *Baldwin* v. *Wentworth,* 67 N. H. 408, 409. We are not here concerned with a motion addressed to the trial court for a rehearing or a new trial because of accident, mistake or misfortune. *Gendron* v. *St. Pierre,* 73 N. H. 419, 424; P. L., c. 342, s. 1. Nor does the rule affect the power of the trial justice, upon his own initiative, to revise his earlier rulings. *State* v. *Owen,* 80 N. H. 426, 427.

The application of the rule is, however, limited to the reason for it. Therefore, where the deficiency is incapable of being supplied, the rule ceases to apply. *Smith* v. *Company, supra; Derosier* v. *Company, supra.* So also when a party has seasonably protected his rights before verdict, the presumption of waiver is negatived, and he may raise the question of the want of evidence by a later motion to set aside the verdict. *Ingerson* v. *Railway,* 79 N. H. 154, 159; *McConnell* v. *Lamontagne, ante,* 423. Neither of these limitations applies here.

As the plaintiff had waived her right to question the want or

insufficiency of the defendant's evidence by her failure to make seasonable objection, it is plain that her motion, so far as it rests upon such grounds, raised no issue of either law or fact.

The plaintiff's motion to set aside the verdict as against the "weight of evidence" presented a different question, which has been many times stated, namely, whether it appears that the trier of fact unwittingly fell into a plain mistake, or that the verdict was produced by passion, partiality or corruption, *Marshall* v. *Morin,* 79 N. H. 351, 352; *State* v. *Wren,* 77 N. H. 361, 367; or more specifically whether there was such a preponderance of evidence in favor of the moving party as to justify a finding of passion, prejudice, partiality, corruption or plain mistake. *Drown* v. *Hamilton,* 68 N. H. 23, 27; *Smith* v. *Railroad,* 70 N. H. 53, 84; *Free* v. *Buckingham,* 59 N. H. 219, 223; *Lawrence* v. *Towle,* 59 N. H. 28, 30; *Wendell* v. *Safford,* 12 N. H. 171, 178. Such a motion cannot be predicated solely upon the want of evidence in favor of the prevailing party, since, as we have seen, the presumption is that there was such evidence, and objection to its sufficiency not seasonably taken by the losing party is waived. A finding that a verdict is against the weight of the evidence must, therefore, rest *not* upon the absence or insufficiency of the evidence supporting the winning party, but upon the weight of evidence supporting the losing side. *Drown* v. *Hamilton, supra.* Manifestly, however, this reasoning does not apply to a motion to set aside a verdict on the ground that the evidence conclusively establishes the exorbitance, or the inadequacy of the damages where there was some evidence of damages, since such an error could not reasonably have been foreseen.

The question of the excessive preponderance of the evidence, upon a motion addressed to the weight of evidence primarily presents a question of fact for the presiding justice. The fact, being found, is so controlling that it has been sometimes said that no question of law is involved. *Fuller* v. *Bailey,* 58 N. H. 71, 72; *Lawrence* v. *Towle, supra; Hovey* v. *Brown,* 59 N. H. 114, 116; *Clark* v. *Manchester,* 64 N. H. 471; *Neil* v. *Kelley,* 70 N. H. 625. This is not strictly true. Such statements more frequently appear in the cases decided prior to the establishment of a separate court of law (1901), when the distinction between law and fact was not so clearly observed. *Nawn* v. *Railroad,* 77 N. H. 299, 304. Where the subject has been dealt with in the later cases the distinction between law and fact has frequently been left to inference. *State* v. *Newman,* 74 N. H. 10, 17; *Cook* v. *Sargent,* 78 N. H. 25, 26; *Flaherty* v. *Rail-*

*way,* 78 N. H. 254; *Morrison* v. *Noone,* 78 N. H. 549, 550; *Stowe* v.
*Payne,* 80 N. H. 331, 333; *Cadorette* v. *Markarian,* 80 N. H. 591;
*Reynolds* v. *Company,* 81 N. H. 421, 424. Whether the finding
could be made, however, is clearly a question of law, which was
incidentally passed upon by the trial justice in the denial of the
plaintiff's motion. It is this question of law that is saved by her
exception to such denial. *Marshall* v. *Morin,* 79 N. H. 351, 352.
It is of extremely narrow application. It presents for this court
only the determination of the issue whether the presiding justice
acted witlessly in passing upon the witlessness of the jury; that is,
whether the evidence in favor of the plaintiff is of such overwhelm-
ing weight that everyone must find in her favor, and nothing but
mistake, partiality or corruption could account for the verdict and
its supporting finding. See *Nawn* v. *Railroad,* 77 N. H. 299, 304;
*State* v. *Wren,* 77 N. H. 361, 366; *St. Laurent* v. *Railway,* 77 N. H.
460, 462; *Ingerson* v. *Railway,* 79 N. H. 154, 159; *Lavigne* v. *Lavigne,*
80 N. H. 559, 561; *Daley* v. *Insurance Co.,* 81 N. H. 502, 506;
*Manchester Dairy System* v. *Hayward, ante,* 193, 205.

The argument that the entire absence of proof upon one side of
a vital issue conclusively establishes a preponderance of opposing
evidence when there is any such evidence, and logically should be
as valid a basis for setting aside a verdict as an excessive prepon-
derance in cases where there is conflicting evidence, loses sight of
the fact that the rule governing such a situation is a salutary and
justifiable procedural regulation which gives adequate protection to
a party seasonably protecting his rights; while the rule which allows
a verdict to be set aside, upon a motion directed against the weight
of the evidence, is designed to cover only flagrant cases when there
is some conflicting evidence, but where such evidence is so pre-
ponderantly in favor of the losing party as to disclose mistake,
partiality or corruption on the part of the triers of fact.

The distinctive functions of the motions to set aside a verdict
based upon the two grounds, namely, (1) for the want of evidence
and (2) as against the weight of the evidence, have become a part
of our settled procedure, and such procedure has been found to work
justice. The restricted field in which any motion to set aside a
verdict has any legitimate place, when rights have not been pre-
viously saved, and the usually resulting want of merit therein,
probably explain why such motions have been so summarily dis-
posed of, sometimes without an accurate statement of the principles
upon which the conclusions were justified. Disregarding the con-

fusion of terms, however, it is believed that the cases where the issue has been the setting aside of a formal verdict, are for the most part reconcilable with the principles herein set forth.

There is nothing in the record indicating that the trial justice erred in the denial of the plaintiff's motion.

*Exception overruled.*

All concurred.